NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3372

VICTORIA G. MATTHEWS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  March 9, 2006

_____

Before MICHEL, Chief Judge, MAYER, and LOURIE, Circuit Judges.

PER CURIAM.

Victoria G. Matthews appeals the final decision of the Merit Systems Protection Board, which denied her petition for review of the initial decision denying her application for a survivor annuity under the Civil Service Retirement Act, 5 U.S.C. § 8331 et seq. Matthews v. Office of Pers. Mgm't, NY0831050022-I-1 (MSPB Sept. 15, 2005).  We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without required procedures; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000). A retired employee who was married at the time of retirement may elect a survivor benefit within two years of remarrying by notifying the Office of Personnel Management of the election in a signed notice. 5 U.S.C. § 8339(j)(5)(C)(i) (2000). Here, the board determined that the retired employee's election was not received within the two year period following his remarriage. Because substantial evidence supports this conclusion, the board did not err in denying the survivor benefit. Although the administrative judge improperly relied on 5 U.S.C. § 8339(k)(2)(A), which applies to an employee unmarried at the time of retirement who subsequently marries, instead of 5 U.S.C. § 8339(j)(5)(C)(i), which applies to an employee married at retirement who subsequently remarries, this error was harmless because both provisions require the election within two years of the marriage or remarriage. In addition, substantial evidence supports a finding that the former employee was sent actual notice of the election procedures following his remarriage and that such notice was adequate. See Simpson v. Office of Pers. Mgm't, 347 F.3d 1361, 1635 (Fed. Cir. 2003) (discussing notification requirements).